S. LANE TUCKER
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JANIESE LYNN STEVENS,<br><br>    Defendant. | No. 3:24-cr-00098-SLG-MMS<br><br>COUNTS 1–3:<br>WIRE FRAUD<br> Vio. of 18 U.S.C. § 1343<br><br>CRIMINAL FORFEITURE ALLEGATION:<br> 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(a) |

**INDICTMENT**

The Grand Jury charges that:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

The Defendant

1. Defendant JANIESE LYNN STEVENS ("Defendant") was a resident of Kodiak, Alaska.

2. The Defendant held a 50% ownership stake in Janiese Lynn, LLC ("JL").

3. The Defendant held a 50% ownership stake in Alaskan Star Fisheries, LLC ("ASF").

4. The Defendant reported a 100% ownership stake in James Stevens Sole Proprietorship ("JSSP") in 2020.

5. The Defendant held an ownership interest in Wallstrum Stevens, CPA.

6. The Defendant's husband, James Aaron Stevens, held a 50% ownership stake in JL, shared the 50% ownership stake in ASF with the Defendant, reported a 100% ownership stake in JSSP in 2022, and was a part owner of F/V Jeanoah, LLC and Southern Seas Enterprises, LLC.

7. On August 21, 2020, the United States Attorney's Office for the District of Alaska filed a felony information ("Information") charging James Aaron Stevens with one count of Lacey Act – False Labeling in violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii), and 18 U.S.C. § 3571(d). The filing of the Information was accompanied by the filing of a signed plea agreement, whereby James Aaron Stevens agreed to plead guilty to the one count Information. James Aaron Stevens pleaded guilty on November 23, 2020, in Case No. 3:20-cr-000777-JMK-MMS. The U.S. District Court for the District of Alaska accepted the plea agreement on May 24, 2021, and James Aaron Stevens was subsequently sentenced on August 5, 2021, with a judgment that issued on August 19, 2021.

//

//

Page 2 of 13
Case 3:24-cr-00098-SLG-MMS   Document 2   Filed 08/22/24   Page 2 of 13

## COVID Disaster- Relief Loans

8. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act became law. The CARES Act created the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loans ("EIDL").

9. The PPP authorized the Small Business Administration ("SBA") to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers. The Act required lenders making loans under the PPP to defer all repayment obligations for not less than six months on such loans and required borrowers to certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." Pursuant to the CARES Act, the amount of PPP funds a business is eligible to receive is determined by the number of employees employed by the business and their average payroll costs. The PPP allows qualifying small businesses and other organizations to receive unsecured SBA-guaranteed loans. PPP loan proceeds must be used by businesses on payroll costs, mortgage interest, rent, and/or utilities, among other specified expenses. The PPP allows the interest and principal to be forgiven if businesses spend the proceeds on these expenses under certain conditions. Businesses applying for a PPP loan must provide documentation to confirm that they have in the past paid employees the compensation represented in the loan application. The PPP is overseen by the SBA, which has authority over all PPP loans, but individual loans are issued by approved commercial lenders who receive and process PPP applications and supporting documentation. The first round of PPP closed to new applications on August 8, 2020.

10. On December 27, 2020, the Consolidated Appropriations Act of 2021, which included the Economic Aid to Hard-Hit Small Businesses, Nonprofit, and Venues Act (the "Relief Act") was signed into law, providing additional funding for the PPP. Under the Relief Act, certain businesses that already obtained a PPP loan under the original PPP were eligible for an additional "second draw" PPP loan, provided they met certain requirements. The Relief Act also re-opened the application period for "first draw" PPP loans to businesses that had not been approved for a "first draw" loan prior to August 8, 2020, or who may have been eligible to receive more funds during the "first draw" period than they actually received. Borrowers through the PPP second draw program are also eligible to apply for loan forgiveness once all loan proceeds for which forgiveness is requested have been used.

11. In order to obtain a PPP loan, an applicant was required to provide information about the subject business's operations, such as the date of opening, number of employees, and past revenues. The applicant was also required to certify all the information in the application was true and correct to the best of the applicant's knowledge. PPP loan applications were submitted over the Internet by participating lenders via the SBA's computer servers. Regardless of originating location, all PPP applications submitted through August 8, 2020, were received by servers located in Virginia. PPPs applications submitted after January 11, 2021, were received through servers located in Oregon, and subsequently transmitted to servers in Virginia.

12. PPP forgiveness loan applications were submitted over the Internet via SBA's computer servers. Regardless of originating location, all PPP forgiveness

applications were received through servers located in Oregon, and subsequently transmitted to servers in Virginia.

13. The EIDL program is an SBA program providing low-interest financing to small businesses, renters, and homeowners affected by declared disasters. The CARES Act and Coronavirus Response and Relief Supplemental Appropriations Act of 2021 authorized the SBA to issue EIDLs (and additional EIDL advances of up to $10,000) to small businesses within three days of applying for an EIDL. EIDLs must be repaid and are determined based upon the number of certified employes by the applicant. EIDL advances do not have to be repaid. To obtain an EIDL and/or an EIDL advance, qualifying businesses must submit an application to the SBA and provide information about business operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster; in the case of EIDLs for COVID-19 relief, the 12-month period preceding January 31, 2020. The applicant must also certify all application information submitted is true and correct to the best of the applicant's knowledge.

14. EIDL applications were submitted over the internet via SBA's computer servers and transited via interstate wires depending upon their date of application. Prior to July 11, 2020, applications originating in any state beginning with prefix 36 transited via wires to Washington, before deposits were initiated in Colorado and subsequently transited through Virginia to the targeted bank account. Beginning on July 11, 2020, all EIDL applications, regardless of number, were routed to servers in the State of Iowa, before

deposits were initiated in Colorado and subsequently transited through Virginia to the targeted bank account.

### Defendant's PPP and EIDL Applications

*Janiese Lynn, LLC PPP Applications*

15. On April 16, 2020, the Defendant submitted a PPP "first draw" application no. 16116542 seeking $13,049 in relief funding for JL. On May 6, 2020, the loan was approved by the SBA and subsequently funded through Wells Fargo.

16. On May 23, 2021, the Defendant submitted a PPP "first draw" forgiveness application for JL, which was approved by Wells Fargo and the SBA. On June 2, 2021, the SBA paid Wells Fargo $13,049 in principal and $140.14 in interest to forgive this PPP "first draw" loan.

17. On March 11, 2021, the Defendant submitted a PPP "second draw" application no. 27198945 seeking $11,250 in relief funding for JL. On April 7, 2021, the loan was approved by the SBA and subsequently funded through First National Bank of Alaska ("First National").

18. On September 22, 2021, the Defendant submitted a PPP "second draw" forgiveness application for JL, which was approved by First National and the SBA. On October 19, 2021, the SBA paid First National $11,250 in principal and $60.10 in interest to forgive this PPP "second draw" loan.

*Alaskan Star Fisheries, LLC PPP Applications*

19. On April 28, 2020, the Defendant submitted a PPP "first draw" application no. 17198104 seeking $19,010 in relief funding for ASF. On May 11, 2020, the loan was

approved by the SBA and subsequently funded through Wells Fargo.

20.     On May 23, 2021, the Defendant submitted a PPP "first draw" forgiveness application for ASF, which was approved by Wells Fargo and the SBA. On June 2, 2021, the SBA paid Wells Fargo $19,010 in principal and $201.56 in interest to forgive this PPP "first draw" loan.

21.     On March 2, 2021, the Defendant submitted a PPP "second draw" application no. 26379198 seeking $153,132 in relief funding for ASF. On March 15, 2021, the loan was approved by the SBA and subsequently funded through First National.

22.     On December 7, 2021, the Defendant submitted a PPP "second draw" forgiveness application for ASF, which was approved by First National and the SBA. On December 13, 2021, the SBA paid First National $153,132 in principal and $1,145.34 in interest to forgive this PPP "second draw" loan.

*James Stevens Sole Proprietorship EIDL Applications*

23.     On March 31, 2020, the Defendant submitted an EIDL application no. 3600260811 seeking $100,600 for JSSP. On May 26, 2020, the loan was approved by the SBA, who subsequently funded the Defendant's Wells Fargo bank account.

24.     On April 22, 2022, James Aaron Stevens submitted an EIDL increase modification for EIDL application no. 3600260811 seeking $299,400 JSSP. The SBA denied this EIDL increase modification and the loan was not funded.

The General Scheme

25.     From no later than March 2021, and continuing through April 2022, the Defendant, JANIESE LYNN STEVENS, knowingly and willfully executed a scheme and

artifice to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

26. Specifically, the Defendant applied for two PPP "second draw" loans and one EIDL loan by means of materially false and fraudulent pretenses, representations, and promises. All three loan applications were granted, and the Defendant received two PPP "second draw" loans and one EIDL loan totaling $264,982.

Manner and Means

27. As part of the scheme and artifice to defraud, the Defendant committed or participated in the following acts:

*The Defendant's PPP Second Draw Applications*

28. On March 2, 2021, the Defendant executed a PPP "second draw" loan application no. 26379198 for ASF. The PPP "second draw" application contained the following false statements: (1) in response to the question of whether the applicant or any owner of the applicant was an owner or shared common management with any other business, the Defendant responded, "No." In truth, at the time of this application the Defendant had a 50% ownership interest in JL, Wallstrum Stevens, LLC, and reportedly, JSSP. James Aaron Stevens, a 50% owner, had an ownership interest in JL, F/V Jeanoah, LLC, and Southern Seas Enterprises, LLC; (2) in response to the question of whether the applicant or any individual owning 20% or more of the applicant was presently incarcerated, or for any felony, subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, the Defendant responded, "No." In truth, James Aaron Stevens, a 50% owner, was subject to

the Information in Case No. 3:20-cr-000777-JMK-MMS in the District of Alaska, which was filed on August 21, 2020; (3) in response to the question whether the applicant or any owner of the applicant had been convicted, pleaded guilty, pleaded nolo contendere, or commenced any form of parole or probation (including probation before judgment) within the last year, the Defendant responded, "No." In truth, James Aaron Stevens, a 50% owner, had pleaded guilty on November 23, 2020 to the single count contained in the Felony Information in Case No. 3:20-cr-000777-JMK-MMS; and (4) the Defendant certified all information in the application and all the information provided in all supporting documents and forms was true and accurate in all material respects.

29. On March 15, 2021, based at least in part on the materially false statements and omissions, First National and the SBA approved PPP application 26379198, and First National a dispersed a PPP "second draw" loan totaling $153,132. On March 25, 2021, the SBA paid $7,657 in lender fees to First National to fund the PPP "second draw" loan.

30. On December 7, 2021, the Defendant executed a PPP loan forgiveness application attesting and certifying the information in the application and all information provided in all supporting documents was true and correct. This PPP forgiveness application was approved by First National and the SBA, causing the SBA to pay-off this PPP "second draw" loan totaling $153,132 in principal and $1,145.34 in interest on December 13, 2021.

31. On March 11, 2021, the Defendant executed a PPP "second draw" loan application no. 27198945 for JL. The PPP "second draw" application contained the following false statements: (1) in response to the question of whether the Applicant or any

owner of the Applicant was an owner or shared common management with any other business, the Defendant responded, "No." In truth, at the time of this application the Defendant, a 50% owner, had an ownership interest in ASF, Wallstrum Stevens, LLC, and reportedly JSSP. James Aaron Stevens, a 50% owner, had an ownership interest in ASF, F/V Jeanoah, LLC, and Southern Seas Enterprises, LLC; and (2) in response to the question of whether the Applicant or any individual owning 20% or more of the Applicant was presently incarcerated, or for any felony, subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, the Defendant responded, "No." In truth, James Aaron Stevens, a 50% owner, was subject to a Felony Information in Case No. 3:20-cr-000777-JMK-MMS in the District of Alaska, which was filed on August 21, 2020; and (3) the Defendant certified all information in the application and all the information provided in all supporting documents and forms was true and accurate in all material respects.

32. On April 7, 2021, based at least in part on the materially false statements and omissions, First National and the SBA approved PPP "second draw" application 27198945, and First National dispersed a PPP "second draw" loan totaling $11,250. On April 19, 2021, the SBA paid $2,500 in lender fees to First National to fund the PPP "second draw" loan.

33. On September 22, 2021, the Defendant executed a PPP loan forgiveness application attesting and certifying the information in the application and all information provided in all supporting documents was true and correct. The PPP forgiveness application was approved by First National and the SBA, causing the SBA to pay-off this

PPP "second draw" loan totaling $11,250 in principal and $60.10 in interest on October 19, 2021.

*The Defendant's EIDL Applications*

34. On March 31, 2020, the Defendant executed EIDL application no. 3600260811 for JSSP. The EIDL application contained the following false statements: (1) in response to the "Financial Info" portion of the application, the Defendant reported $201,119 in 2019 gross revenues for JSSP. In truth, JSSP's tax records revealed 2019 total gross sales and receipts of $5,067; and (2) the Defendant certified that all information in the application and submitted with the application is true and correct, and that she would submit truthful information in the future. On May 26, 2020, based at least in part on the materially false statements and omissions, the SBA approved EIDL application no. 3600260811, and dispersed an EIDL totaling $100,600 to Wells Fargo.

COUNTS 1–3
(WIRE FRAUD – 18 U.S.C. § 1343)

35. Paragraphs 1 through 34 of this Indictment are realleged and fully incorporated herein by reference.

36. On the dates set forth below, within the District of Alaska, JANIESE LYNN STEVENS did knowingly, and with intent to defraud, devise and intent to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted, by means of wire

communication in interstate commerce, certain writing, signs and signals, namely:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | March 2, 2021 | PPP "second draw" application 26379198 from servers in the State of Alaska to SBA servers in the State of Oregon |
| 2 | March 11, 2021 | PPP "second draw" application 27198945 from servers in the State of Alaska to SBA servers in the State of Oregon |
| 3 | March 31, 2020 | EIDL Application 3600260811 from servers in the State of Alaska to SBA servers in the State of Washington |

All of which is in violation of 18 U.S.C. § 1343.

CRIMINAL FORFEITURE ALLEGATION

37. Upon conviction of the wire fraud offenses alleged in Counts 1 through 3 of this Indictment, the Defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgment for a sum of money equal to the value of the property subject to forfeiture.

38. If, as a result of any act or omission of the Defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of the Defendant pursuant to 21 U.S.C. § 853(p).

//

//

All pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson<br>GRAND JURY FOREPERSON

s/ Ainsley McNerney
AINSLEY MCNERNEY
Assistant U.S. Attorney
United States of America

s/ Kate Vogel for
S. LANE TUCKER
United States Attorney
United States of America

DATE: August 21, 2024